UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TRACY ARMIGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:15-cv-00040-SNLJ |
| ) | |
| BUTLER COUNTY EMERGENCY ) | |
| MEDICAL SERVICES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff, *pro se*, brought this action against defendant Butler County Emergency Medical Services for alleged violations of Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. §§ 2000e, *et seq*. Defendant has filed a motion to dismiss (#8) pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not filed a response in opposition, and the time for doing so has passed.

## I.  Background

Plaintiff filed this action, *pro se*, against defendant Butler County Emergency Medical Services, her former employer, for alleged gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended. The Complaint was filed on March 13, 2015. The Complaint states that plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 1, 2014. Plaintiff also states in the Complaint that she received an EEOC issued

Right to Sue Letter, though it does not indicate the date upon which it was received, nor has the Right to Sue letter been attached with the complaint. Attached with the Complaint, however, is a letter addressed to plaintiff from the EEOC, dated December 12, 2014, stating that EEOC records show her Right to Sue letter was issued on August 25, 2014. The letter from the EEOC attached to the Complaint, provides "(y)our lawsuit must be filed in federal court within 90 days of your receipt of the right to sue notice. Otherwise, your right to sue based on this charge will be lost. Your 90 day time period begins with your receipt of the right to sue notice."

## II.     Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).  A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

In ruling on a motion to dismiss, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Coons*

*v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). Finally, the Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed. R. Civ. P. 10(c); *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006). With these principles in mind, the Court turns to the discussion.

**III.  Discussion**

Defendant asserts that plaintiff's suit must be dismissed because she failed to commence this action within 90 days of receipt of her Right to Sue letter from the EEOC. "In order to initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter." *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). The plain language of Title VII requires that suit be filed within 90 days of a plaintiff's EEOC Notice of Right to Sue. See 42 U.S.C. § 2000e–5(f)(1). The 90-day period for filing suit under Title VII begins to run on the day the notice of right to sue letter is received at the most recent address the plaintiff has provided the EEOC. *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989). A notice of right to sue is presumed received three days after it was mailed. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 n.1 (1984); *Rich v. Bob Downes Chrysler Plymouth, Inc.*, 831 F. Supp. 733, 735 (E.D.Mo. 1993); Fed. R. Civ. P. 6(e). This limitation period is not a jurisdictional prerequisite to federal suit and is subject to

equitable tolling in appropriate circumstances. *Hill*, 869 F.2d at 1124. However, courts have generally reserved the remedy of equitable tolling for circumstances that were beyond the control of the plaintiff. *Id*. A plaintiff's *pro se* status is not such a circumstance. See *Walker v. Norris*, 436 F.3d 1026, 1033 (8th Cir. 2006); *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004); *United States v. McIntosh*, 332 F.3d 550, 551 (8th Cir. 2003) (per curiam). The Supreme Court has held that equitable tolling is justified where, among other things, the notice from the EEOC is inadequate, where a court has led the plaintiff to believe all statutory requirements for bringing a suit have been satisfied, or where the defendant's conduct lulls the plaintiff into inaction. *Brown*, 466 U.S. at 151 (per curiam) (citations omitted).

In this case, plaintiff did not file a response to defendant's motion to dismiss and has not presented the Court with any recognized justification to equitably toll the limitations period. Section 2000e–5(f)(1) explicitly states that the 90-day limitation period runs from receipt of the EEOC "Right–to–Sue" letter only, not from a letter or correspondence received by the EEOC or any applicable state agency. Here, EEOC records indicate that Plaintiff's Right to Sue letter was mailed on August 25, 2014, to the address which she had provided to the EEOC. The rebuttable presumption is that the Right to Sue letter was received by Plaintiff at least three days later. The Complaint was filed on March 13, 2015; 200 days after the issuance date of the EEOC Right to Sue letter. The plain language of the federal statutes requires that suit be filed within 90 days of receipt of the EEOC Notice of Right to Sue, which plaintiff has failed to do. Because

4

she has failed to file suit in a timely manner, plaintiff's Title VII claims are time barred and will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss is **GRANTED**.

Dated this   21st   day of July, 2015.

                                                     _____
                                                   STEPHEN N. LIMBAUGH, Jr.
                                                   UNITED STATES DISTRICT JUDGE